IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
DEL RIO DIVISION

| | | |
|---|---|---|
| RICARDO AND AIDA RODRIGUEZ § | | |
| *Plaintiffs,* § | | |
| § | | |
| v. § | | CIVIL ACTION NO. 2:22-cv-00049 |
| § | | |
| SCOTTSDALE INSURANCE COMPANY § | | |
| *Defendant.* § | | |

## NOTICE OF REMOVAL

Defendant Scottsdale Insurance Company ("Defendant"), through undersigned counsel and pursuant to 28 U.S.C. §§ 1332, 1441 and 1446, files this Notice of Removal of the lawsuit captioned *Ricardo and Aida Rodriguez v. Scottsdale Insurance Company*; Cause No. 22-08-41305-MCVAJA; In the 365th Judicial District of Maverick County, Texas.

## I.
## BACKGROUND

1. Plaintiffs Ricardo and Aida Rodriguez (hereinafter "Plaintiffs") initiated the present action by filing their Original Petition in Cause No. 22-08-41305-MCVAJA; In the 365th Judicial District of Maverick County, Texas on August 25, 2022 (the "State Court Action").[1]

2. Defendant appeared and answered on September 30, 2022, asserting a general denial to the claims and allegations made in Plaintiffs' Original Petition.[2]

3. Pursuant to 28 USC § 1446(a) all a copy of all process, pleadings, and orders served upon Defendant in the State Court Action are incorporated in **Exhibit A**. A full copy of the state court file has been requested and will be filed upon receipt.

---

[1] *See* Plaintiffs' Original Petition with Citation, attached as Exhibit A.

[2] *See* Defendant's Original Answer, attached as Exhibit B.

4. Pursuant to 28 U.S.C. § 1446(d), promptly after filing this Notice of Removal, Defendant will give written notice of the removal to Plaintiffs through their attorney of record, and to the clerk of the 365th Judicial District Court of Maverick County, Texas.

5. Pursuant to 28 USC §§ 1446(b)(1) and 1446(c)(1) this Notice of Removal has been timely filed within 30 days of service on Defendant of Plaintiffs' Original Petition and less than one year after the commencement of this action.

## II.
## JURISDICTION

6. This Court has original jurisdiction pursuant to 28 U.S.C. § 1332, and the matter is removable to this Court pursuant to 28 U.S.C. § 1441 because there is complete diversity of citizenship between the properly joined parties and the amount in controversy exceeds $75,000 exclusive of interest and costs.

**A.     Diversity of Parties**

7. Plaintiffs are individuals domiciled in Maverick County, Texas.[3] Pursuant to 28 U.S.C. § 1332(a), therefore, Plaintiffs are citizens of the State of Texas.

8. Defendant Scottsdale Insurance Company is a corporation organized under the laws of Ohio and maintains its principal place of business in Arizona. Pursuant to 28 U.S.C. § 1332(c)(1), therefore, Defendant is a citizen of the States of Ohio and Arizona.

9. Accordingly, there is complete diversity between the parties pursuant to 28 U.S.C. § 1332(a).

---

[3]   *See* Exhibit A, Plaintiffs' Original Petition with Citation, at § 2 – PARTIES.

**B.**     **Amount in Controversy**

10.     It is facially apparent from Plaintiffs' live petition that the amount in controversy in this case exceeds $75,000 rendering removal proper. Generally, "the sum demanded in good faith in the initial pleading shall be deemed to be the amount in controversy."[4] Removal is proper if it is "facially apparent" from the complaint that the claims asserted exceed the jurisdictional amount.[5] In addition, penalties, exemplary damages, and attorneys' fees are included as part of the amount in controversy.[6]  If it is not thus apparent, the court may rely on "summary judgment-type" evidence to ascertain the amount in controversy.[7]

11.     Here, Plaintiffs' Original Petition seeks "monetary damages of more than $200,000.00 but less than $1,000,000.00 from the Defendant."[8] Plaintiffs seek actual damages, pre- and post-judgment interest, "additional damages as provided for under the DTPA," exemplary damages, and attorneys' fees, which are all part of the amount in controversy.[9] The amount in controversy plainly exceeds $75,000, exclusive of interest and costs.  Accordingly, the amount in controversy requirement of 28 U.S.C. § 1332(b) is satisfied.

---

[4]   28 U.S.C. § 1446(c)(2); *see also Santiago v. State Farm Lloyds*, No. 7:13-CV-83, 2013 WL 1880845, at *1 (S.D. Tex. May 3, 2013).

[5]   *Puckitt v. Wells Fargo Bank, N.A.*, No. G-09-0056, 2010 WL 2635626, at *3 (S.D. Tex. June 28, 2010) (citing *Allen v. R&H Oil & Gas Co.*, 63 F.3d 1326, 1335 (5th Cir. 1995)).

[6]   *See H&D Tire & Automotive-Hardware, Inc. v. Pitney Bowes Inc.*, 227 F.3d 326, 330 (5th Cir. 2000); *see also St. Paul Reinsurance Co. v. Greenberg,* 134 F.3d 1250, 1253 (5th Cir. 1998).

[7]   *White v. FCI USA, Inc.*, 319 F.3d 672, 675 (5th Cir. 2003).

[8]   Exhibit A, Plaintiffs' Original Petition with Citation, at § I – DISCOVERY & RULE 47 STATEMENT.

[9]   *Id.* at § - PRAYER.

## III.
## CONCLUSION

12. Removal of this action under 28 U.S.C. § 1441 is proper as the district courts of the United States have original jurisdiction over the matter pursuant to 28 U.S.C. § 1332, and as all requirements for removal under 28 U.S.C. § 1446 have been met.

13. WHEREFORE, Defendant Scottsdale Insurance Company hereby provides notice that this action is duly removed.

*(Signatures on the following page.)*

Respectfully submitted,

*/s/ Patrick M. Kemp*
Patrick M. Kemp
Texas Bar No. 24043751
pkemp@smsm.com
Robert G. Wall
Texas Bar No. 24072411
rwall@smsm.com
C Daniel DiLizia
Texas Bar No. 24099800
ddilizia@smsm.com
Segal McCambridge Singer & Mahoney
100 Congress Avenue, Suite 800
Austin, Texas 78701
(512) 476-7834
(512) 476-7832 – Facsimile

**ATTORNEYS FOR DEFENDANT
SCOTTDALE INSURANCE COMPANY**

**CERTIFICATE OF SERVICE**

This is to certify that a true and correct copy of the foregoing instrument has been served electronically via CM/ECF and Certified Mail this the 30th day of September, 2022 to:

Orlando R. Lopez                                     **#9414 7266 9904 2178 2275 05**
Lopez Scott LLC
P.O. Box 15167
San Antonio, Texas 78212
olopez@lopezscott.com

*/s/ Patrick M. Kemp*
Patrick M. Kemp

5